ISADOR HABER, RELATOR-RESPONDENT, v. MORRIS
UMANSKY, DEFENDANT-APPELLANT.

Argued May 18, 1938—Decided October 17, 1938.

For the relator-respondent, *Edward A. Markley* and *Isador Haber*.

For the defendant-appellant, *Besson & Pellet* (*Harlan Besson* and *Otmar J. Pellet*).

The opinion of the court was delivered by

WOLFSKEIL, J. This is an appeal from a judgment of ouster in *quo warranto* proceedings. Title to the office of judge of the District Court of the First Judicial District of Hudson county is involved.

At the outset procedural objections are urged for reversal. Appellant claims that the information should have been filed under section 1 of the *Quo Warranto* act which requires leave of the court, whereas it was actually filed under section 4. This is a disputable question perhaps but the practice adopted by the relator appears to find support in many cases, notably *McGuire* v. *DeMuro*, 98 *N. J. L.* 684; *Zenkert* v. *Garfield*,

5 *N. J. Mis. R.* 498; *State* v. *Godfrey,* 11 *Id.* 283; *Anderson* v. *Myers,* 77 *N. J. L.* 186; *Davis* v. *Davis,* 57 *Id.* 80; *Tonkin* v. *Kenworthy,* 112 *Id.* 274. Without passing upon the question, however, we prefer to decide the case on the merits, as it is one of public importance.

Consideration of the subject-matter requires a review of the factual situation. On March 4th, 1935, defendant, Umansky, was appointed as judge of the District Court for a second term, his first term having expired on March 3d, 1935. He subsequently qualified and entered upon the performance of his duties. A resignation admittedly signed by him was received by the governor and accepted as of July 15th, 1936. The relator, Haber, then received an *ad interim* appointment as judge of the same court on July 16th, 1936, and took the oath of office. Thereafter Haber was appointed for a full term of five years and again qualified. Obviously, both relator and defendant could not hold the office at the same time and manifestly the determination of the controversy rests upon the potency of the resignation.

Umansky testified that after signing an undated resignation he delivered it to one Andrew O. Wittreich, at the state house, in Trenton, on March 4th, 1935, in advance of his appointment, and that it was to take effect at the pleasure of the governor. He claims he never sent the resignation directly to the governor and withdrew it before it had been accepted. Wittreich testified that Umansky did not give him the resignation and that he knew nothing about it, save as the facts developed in the trial.

The testimony further discloses that the resignation was found on July 1st, 1936, with the Governor's opened mail on the desk of his secretary. There was no proof as to how it got there. It was brought to the immediate attention of the governor and on the same day Umansky was notified that the governor would see him on July 7th, 1936. Umansky then consulted counsel and on July 2d, 1936, telegraphed to the governor that he could not keep the appointment, asked for another day, and to be told the nature of the conference.

On July 7th, 1936, he received a telegram from the governor accepting his resignation as of July 15th, 1936. On July 9th, 1936, Umansky wired the governor claiming surprise and insisting that he had not submitted any resignation to him.

With the authenticity of the resignation undisputed and under this general posture of the proofs, the trial judge instructed the jury that the issue requiring decision was whether defendant's resignation was given before or after the beginning of respondent's second term. If given before, it was invalid; if given after, its acceptance ended defendant's tenure and relator's resignation vested him with title to the office. This issue was resolved against defendant by the jury, which found that the resignation was given after the beginning of his second term. Therefore it was valid and effectual.

Other grounds of appeal are directed generally to the conduct of the trial, admission and refusal to admit testimony and to alleged error of the Supreme Court in refusing motions to stay entry of judgment. All have been examined and found to be without merit, no error or sufficient reason for reversal being shown.

The judgment is affirmed, with costs against the defendant-appellant.

*For affirmance*—CASE, BODINE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 11.

*For reversal*—None.